IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CR-35-1BO
No. 5:12-CV-650-BO

| | | |
|---|---|---|
| MICHAEL JEROME THOMPSON, | ) | |
| Petitioner, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss, petitioner has responded to the motion, and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner, Mr. Thompson, pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and was sentenced by this Court on August 26, 2008. In determining his sentence, the Court found that Mr. Thompson's prior North Carolina breaking and entering convictions under N.C. General Statute §14-54(a) were not violent felonies as defined by the ACCA and therefore did not trigger a mandatory minimum sentence of 180 months. Because the Court found that he was not an armed career criminal, Mr. Thompson was sentenced to a term of imprisonment of 92 months. The government appealed and the Fourth Circuit vacated this Court's sentence. The Fourth Circuit held that North Carolina breaking and entering convictions are, in fact, violent felonies for purposes of the ACCA and remanded the case for re-sentencing in accordance with its opinion.

On remand, the Court again sentenced Mr. Thompson to a term of 92 months' imprisonment after finding that, in light of the Fourth Circuit's en banc decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), two of Mr. Thompson's prior convictions were not predicate felonies for purposes of applying the ACCA enhancement. The government appealed, and the Fourth Circuit vacated the Court's judgment, finding that Mr. Thompson should have been sentenced as an armed career criminal under the ACCA. This Court conducted at third sentencing hearing at which the ACCA enhancement was applied and a sentence of 180 months' imprisonment was imposed. Mr. Thompson did not notice a direct appeal.

## DISCUSSION

In his petition, Mr. Thompson raises two claims of ineffective assistance of counsel. Mr. Thompson contends that his counsel was ineffective in failing to communicate with him and in failing to argue against his designation as an armed career criminal under the ACCA. After having reviewed the record in this matter, it is clear that both claims must fail.

In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Mr. Thompson can show no prejudice that resulted from any perceived lack of communication with his counsel. Even assuming, *arguendo*, the counsel did in fact fail to communicate with Mr. Thompson in a manner that Mr. Thompson would have liked, Mr. Thompson has failed to make any allegation or offer any support for the contention that but for counsel's unprofessional conduct, the result of his proceeding would have been different.[1]

Similarly, Mr. Thompson's second claim, that his counsel was ineffective in failing to argue against his designation as an armed career criminal, is completely unsupportable. Mr. Thompson's counsel argued twice to this Court that the ACCA enhancement should not apply and continued to argue such a position when this matter went twice before the court of appeals on precisely that issue; that the Fourth Circuit found that Mr. Thompson should in fact be sentenced as an armed career criminal does not negate the fact that his counsel argued that he should not. Nothing in the record or in Mr. Thompson's motion would support a finding that Mr. Thompson's counsel's conduct fell below an objective standard of reasonableness or that but for his actions, or lack thereof, the outcome of Mr. Thompson's proceeding would have been different. Accordingly, the Court grants the government's motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

<u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the

---

[1] The Court notes that though Mr. Thompson states that his attorney told him an appeal would be pointless, he does not in his petition contend that he asked his attorney to notice an appeal and that counsel failed to do so. *See Flores-Ortega*, 528 U.S. at 478 (counsel who consults with defendant about possibility of an appeal performs in a professionally unreasonable manner only if he fails to follow defendant's express instructions to notice an appeal).

3

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Thompson is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Mr. Thompson is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Thompson's

4

claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 116] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 111] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __10__ day of January, 2013.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 5:07-cr-00035-BO   Document 119   Filed 01/10/13   Page 5 of 5